UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALVIN TAYLOR, | ) | |
| Plaintiff(s), | ) | No. C07-1215 BZ |
| v. | ) | **ORDER GRANTING DEFENDANTS'** |
| | ) | **MOTION TO DISMISS** |
| RIVER ROCK CASINO, et al., | ) | |
| Defendant(s). | ) | |

Plaintiff Alvin Taylor brought this wrongful death action against defendants River Rock Casino, Vern Jenkins, and unnamed security guards of the River Rock Casino, alleging that defendants negligently caused the death of plaintiff's wife.[1]  Compl. ¶¶ 7-8.  Defendants moved to dismiss the complaint on the principal ground that it was barred by tribal sovereign immunity.  In reviewing the complaint, I noticed that it did not contain a statement of the grounds upon which the court's jurisdiction depends as required by Rule 8(a).  It

---

[1] All parties have consented to the jurisdiction of a magistrate judge, pursuant to U.S.C. § 636(c) for all proceedings, including entry of final judgment.

1

did not cite the jurisdictional statute plaintiff invoked.  At best it suggested plaintiff believes there is federal jurisdiction because the tort occurred on an Indian reservation and at least some of the defendants are Indians. I then raised the issue of subject matter jurisdiction <u>sua sponte</u> and ordered each side to address this issue in a future filing.  Plaintiff did not file a surreply as ordered. Defendants argued that this court has "federal question" jurisdiction under 28 U.S.C. Section 1331, because plaintiff's complaint alleges that defendants have waived sovereign immunity.  <u>See</u> Compl. ¶ 5; Defs.' Reply at 12-13.

    Defendants' argument flies in the face of the "well-pleaded complaint rule", which requires federal jurisdiction to appear on the face of a properly pleaded complaint. <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). Federal jurisdiction cannot rest on the anticipation of a federal defense.  <u>Id. at 393</u>.  In <u>Oklahoma Tax Commission v. Graham</u>, the Supreme Court ruled that subject matter jurisdiction was lacking where the Chickasaw Nation removed a complaint seeking to collect unpaid taxes even though it intended to assert its immunity from suit.  Federal jurisdiction "is not affected by the fact that tribal immunity is governed by federal law," because the presence "of a federal immunity to the claims asserted does not convert a suit otherwise arising under state law into one which, in the statutory sense, arises under federal law."  489 U.S. 838, 841 (1989); <u>see also</u> <u>Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians</u>, 862 F. Supp. 995, 1000 (W.D.N.Y.

1  1994)(dismissing a complaint filed against Indian tribe for
2  lack of subject matter jurisdiction).
3      Because plaintiff's complaint alleges only a non-federal
4  tort action, and merely anticipates a defense of sovereign
5  immunity, it fails to meet the "arising under" standard
6  required for Section 1331 jurisdiction.  Neither party has
7  suggested any other basis for jurisdiction, and I know of
8  none.  Without subject matter jurisdiction, this Court cannot
9  continue to hear this case.  For these reasons defendants'
10 motion is **GRANTED**, and plaintiff's complaint is **DISMISSED**.
11 Dated: July 10, 2007

*Bernard Zimmerman* (signature)

Bernard Zimmerman
United States Magistrate Judge

28 g:\bzall\-bzcases\taylor v. river rock casino\order granting dismissal mot.bzversion.